THE STATE, at Relation and to Use of LORA REECE SMEARING, v. L. D. THOMPSON, State Auditor.—45 S. W. (2d) 1078.

Court en Banc, February 6, 1932.

566

*Walker & Billings* for relatrix.

*Stratton Shartel,* Attorney-General, and *Don Purteet,* Assistant Attorney-General, for respondent.

RAGLAND, J.—Mandamus. Relatrix, an adult blind person, seeks by this proceeding to compel the State Auditor to draw a warrant in her favor for $740, the amount of the pension to which she is entitled under the statute, for the period intervening between April 1, 1926, and September 12, 1928. Respondent bases his refusal to issue the warrant on the sole ground that the appropriation for the payment of pensions to the deserving blind made by the General Assembly for the biennial period beginning January 1, 1931, is not available for the payment of what he terms a "back pension."

The material facts lie within a narrow compass. In July, 1923, relatrix applied to the Probate Court of Scott County for a blind pension; that court found that she came within the terms of the statute providing for pensions for the blind, and then certified the application together with its finding to the Commission for the Blind; the Commission approved the application and certified it to the State Auditor; the latter thereupon placed relatrix's name on the record kept in his office known as the "Blind Pension Roll." Thereafter relatrix received her pension in quarterly installments as they accrued until April 1, 1926. On that date the Commission, acting on an unfounded rumor and without notice or hearing, caused her name to be stricken from the blind pension roll. On January 11, 1929, the Commission ordered her name to be reinstated on the roll as of September 12, 1928, from which date a pension has been paid her in regular quarterly installments. On May 8, 1931, the Commission directed that relatrix be reinstated on the blind pension roll as of date April 1, 1926. In contemplation of law that has been done. But respondent refuses payment of the pension covering the period between April 1, 1926, and September 12, 1928, because the current appropriation, according to his contention, is not available for that purpose.

The Appropriation Act in question is entitled:

"AN ACT appropriating money to pay salaries, wages and per diem, for the original purchase of property, for the repair and replacement of property, for the operative expenses and other purposes of the commission for the blind, and to pay pensions to the deserving blind, for the biennial period beginning on the first day of January,

1931, and ending on the thirty-first day of December, 1932, with an emergency clause.''

Section 2 of the Act is as follows:

''There is hereby appropriated out of the state treasury, chargeable to the blind pension fund, the sum of two million five hundred thousand dollars ($2,500,000) or so much thereof as may be needed to pay pensions to the deserving blind as provided for in chapter 51, Revised Statutes 1929.''

Section 19, Article X, of the Constitution provides:

''No moneys shall ever be paid out of the treasury of this State, . . . except in pursuance of an appropriation by law; nor unless such payment be made . . . within two years after the passage of such appropriation act; and every such law, making a new appropriation, or continuing or reviving an appropriation, shall distinctly specify the sum appropriated, and the object to which it is to be applied.''

The only question here is whether the payment which relatrix seeks to have made out of the State Treasury is within the ''object'' to which the appropriation under the act just set out is to be applied. If it is a ''pension to the deserving blind as provided for in Chapter 51, Revised Statutes, 1929,'' it is. The language in the title of the Appropriation Act, ''for the biennial period beginning on the first day of January, 1931, and ending on the thirty-first day of December, 1932,'' if read into the act itself, merely limits the period within which the appropriation made shall be available, in conformity with said Section 19 of the Constitution: it has no reference to the time when the right to the pensions for the payment of which the appropriation is made should accrue or had accrued, nor to the period for which such pensions are payable.

Section 8893 [Revision of 1929] provides that an adult blind person having the qualifications therein prescribed ''shall be entitled to receive, when enrolled under the provisions of this article, an annual pension, etc.'' One is ''enrolled under the provisions of this article'' when his name is placed on the blind pension roll by the State Auditor. [Sec. 8900.] When enrolled the pensioner is entitled to a pension from the date of the filing of his application with the probate court. An applicant's name is placed on the blind pension roll upon certification by the Commission for the Blind; it is stricken from the roll upon a like certification when the Commission, after notice and hearing, determines that the pensioner is no longer qualified to receive a pension. [Sec. 8896.]

From the provisions of the statute referred to in the preceding paragraph, it appears that relatrix was ''entitled'' to receive a pension only while her name remained on the pension roll. She was not therefore entitled to a pension after April 1, 1926, until her

name was restored to the roll; but when restored her right to receive a pension from the date of the filing of her application therefor with the probate court, in so far as the same had not been paid. was fully revived. The Commission's reinstatement as of September 12, 1928, qualified for the purpose of depriving her of the right to a pension between that date and April 1, 1926, was ineffectual for that purpose, and perhaps for any other. But its final order made on May 8, 1931, was in effect a rescission of its former erroneous order striking her name from the roll, thereby automatically reinstating her name thereon as of date April 1, 1926. Thereupon there inured to her for the first time a clear and undoubted right to receive a pension from and after April 1, 1926. As $740 of such pension remains unpaid, relatrix is entitled to the relief she seeks. A peremptory writ is awarded. All concur.