FILED 185
Honorable George W. Lehr State Auditor State Capitol Building Jefferson City, Missouri 65101
Dear Mr. Lehr:
This opinion is in response to your question as follows:
 "a. Is it legal to disburse money from an appropriation for a subsequent fiscal year to pay for goods and services received in a previous fiscal year, `in the absence of a specific appropriation to that effect?'
 "b. If the answer to Question No. 1 is no, is it legal for a state elected official to incur an obligation without the certification of the Commissioner of Administration pursuant to Section 33.040
(1), RSMo.?"
We assume, by your first question, that the situation involved is one wherein a legal debt of the state was not paid from an appropriation available in a particular fiscal year. You desire advice concerning whether that debt may be satisfied from an appropriation, otherwise for the same purpose, for a subsequent fiscal year.
The Supreme Court of Missouri has considered the precise issue you have raised, in your first question, in the case of Stateex rel. Smearing v. Thompson, 45 S.W.2d 1078 (Mo.Banc 1932). In that case, relatrix sought payment of a pension for blind persons provided by statute. She had been removed from the rolls of eligible recipients on April 1, 1926. On January 11, 1929, she was reinstated to the roll as of September 12, 1928 (the date from which her pension had been resumed). The Commission for the Blind subsequently reinstated her on the roll as of April 1, 1926 (the date from which she had originally been stricken off the roll). Relatrix claimed the pension amount for the period April 1, 1926, to september 12, 1928. The State Auditor, in performing his then-existing duties now performed by the Commissioner of Administration, refused payment because the current appropriation (for the period January 1, 1931, to December 31, 1932) was not available for payment of the amount due for the period April 1, 1926, to September 12, 1928. The court stated at page 1078:
 "The only question here is whether the payment which relatrix seeks to have made out of the state treasury is within the `object' to which the appropriation under the act just set out is to be applied. If it is a `pension to the deserving blind as provided for in chapter 51, Revised Statutes, 1929,' it is. The language in the title of the Appropriation Act, `for the biennial period beginning on the first day of January, 1931, and ending on the thirty-first day of December, 1932,' if read into the act itself, merely limits the period within which the appropriation made shall be available, in conformity with said section 19 of the Constitution; it has no reference to the time when the right to the pensions for the payment of which the appropriation is made should accrue or had accrued, nor to the period for which such pensions are payable." (Emphasis added)
This office has reached the same conclusion, based upon theSmearing case, in a comparable situation. In Opinion No. 3 to Newton Atterbury issued November 16, 1953 (copy enclosed), we considered whether contingent expenses of the General Assembly which were incurred prior to July 1, 1953, could be paid from an appropriation for the period July 1, 1953, to June 30, 1955. We concluded that payment for contingent expenses that arose during the period prior to the availability of the 1953-1955 appropriation was authorized from the 1953-1955 appropriation. We stated at pages 2-3:
 "At first blush it would appear that the foregoing appropriation in House Bill 397 was for the purpose of defraying expenses incurred only during the period beginning July 1, 1953 and ending June 30, 1955. However, a careful examination of said appropriation bill will disclose that the purpose of said appropriation is to pay among other things contingent expenses of the General Assembly for the period of July 1, 1953 and ending June 30, 1955 which does not designate that said appropriation is only for the payment of such contingent expenses incurred during said period but as will be shown herein by the decision of the Supreme Court that the only question is whether said expenses come within the object to which the appropriation is to be applied. That the period specified in said appropriation merely fixes a period for which said appropriation is available."
We also observed at page 4:
 ". . . And we so hold notwithstanding the fact that apparently the General Assembly by its action has placed a different construction on the law for the reason that it has not been uncommon for the General Assembly to make additional appropriations for specifically paying expenses and claims where former appropriations were insufficient, as under House Bill 465 passed by the 67th General Assembly providing for another appropriation for the payment of contingent expenses of the General Assembly for a period ending June 30, 1953 which appropriation further provides that it is in addition to appropriations made for the same purpose for 1951-53. However, it is a well established rule of Statutory construction that legislative construction of a law is not conclusive as to its meaning.
 "Therefore, in view of the foregoing decision, we conclude that such contingent expenses questioned herein may be paid out of the contingent fund of the General Assembly 1951-53 insofar as such fund will permit and the balance of such contingent expenses may be paid out of the contingent fund under section 8.020, House Bill 397 [the 1953-1955 appropriation]."
In Opinion No. 42 to B. H. Howard, issued July 24, 1947 (copy enclosed), we reached a similar conclusion. That opinion involved refunds of the tax on motor fuel. The appropriation for refunds for the period July 1, 1946, to June 30, 1947, was exhausted before the fiscal year was over. Approximately $221,000 of claims were submitted during the rest of the fiscal year. Again relying on the Smearing case, supra, we held that the appropriation for the subsequent fiscal year, for the same purpose, could be utilized to pay the lawful claims that remained from the previous fiscal year.
From the foregoing, we conclude that the question is limited to whether a legal claim, for which payment is desired, is within the appropriation purpose. The period of time expressed in a particular appropriation bill title refers to the period during which the amount is available for payment and not to the period during which the right to payment must be established.
Therefore, we answer your first question in the affirmative. This opinion precludes any need to consider your second question.
CONCLUSION
It is the opinion of this office that money may be disbursed from an appropriation for a subsequent fiscal year to pay for goods and services received and which constituted a legal claim in a previous fiscal year, if the subject matter of payment is otherwise within the purpose of the appropriation. A special appropriation, expressly for the purpose of satisfying the debt, is not, therefore, the only means of payment for such legal debt.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Andrew Rothschild.
Yours very truly,
 JOHN C. DANFORTH Attorney General
Enclosures: Op. No. 3 11-16-53, Atterbury
 Op. No. 42 7-24-47, Howard