Gentlemen:
This is in response to your request for an official legal opinion on what we understand to be the following question pertaining to the Local Airport-State Financial Assistance Program, authorized by §§ 305.230 through 305.234, RSMo: Can the local sum for airport construction or improvement be expended in one fiscal year and the like sum from the state released in a subsequent fiscal year?
The statutes in question provide in the part we deem material for present purposes:
 [C]ities . . . may purchase sites and construct and operate airports . . . and when any city . . . certifies to the governor that it has appropriated a specific sum for the aforesaid purpose . . . and is ready to proceed with the . . . construction or improvement of an airport, a like sum not exceeding twenty-five thousand dollars in any one fiscal year nor exceeding seventy-five thousand dollars in any consecutive five fiscal years may be allotted to the city, . . . from the appropriation made for that purpose, . . . Any number of separate appropriations may be made until the full sum as above stipulated is allotted. The sum shall be released to the city . . . only after the department of transportation has certified to the governor . . . that the funds proposed are adequate to complete the project and that the project meets the requirements and recommendations of the department's state airport standards and plan. Each city, . . . may receive federal grants in addition to all other grants or funds made available under this section. § 305.230.
 1. . . . In order to insure effective and efficient use of state funds to aid the cities, . . . in the operation, construction and improvement of airports [the department] shall develop and maintain a state airport plan.
 2. The department shall also develop and maintain an `approved airport design' . . . to assure . . . the best uses of state and local funds. § 305.233.
We believe a primary intention of this law is that the Department of Transportation administer the state funds to aid local airport construction or improvement in such a manner that such construction or improvement conforms to a high degree with the state airport plan and design standards. To further this goal, it would seem necessary that local airport construction or improvement projects receive the Department's approval before they are actually undertaken, but once this condition is met, we see no reason why the Department cannot agree with the local entity to allot the state's like sum out of a future state fiscal year appropriation, even though the local entity's equivalent sum is appropriated or expended within the fiscal year that the project has been given the Department's approval.
The legislature has the power to appropriate public funds for expenditure in the discharge of previously incurred obligations or commitments resulting from the activities of state agencies then authorized by law. State ex rel. Smearing v. Thompson, 45 S.W.2d 1078
(Mo. banc 1932); Kleban v. Morris, 247 S.W.2d 832 (Mo. 1952). Prior opinions of this office have recognized this proposition. Atty. Gen. Op. No. 42, Howard, 7/24/47; Atty. Gen. Op. No. 49, Kirtley, 7/27/55; Atty. Gen. Op. No. 352, Bell, 10/9/62. Therefore, absent a specific limitation or restriction placed in the appropriation measure, we believe the Department of Transportation can expend funds appropriated for local airport assistance (e.g., § 8.150, H.B. No. 8, 80th General Assembly) for the support of projects previously approved by the Department for state financial assistance pursuant to §§ 305.230-233, RSMo.
Sincerely,
 JOHN ASHCROFT Attorney General